IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| RDX TECHNOLOGIES CORPORATION and<br>RENEWABLE ENVIRONMENTAL<br>SOLUTIONS, L.L.C.<br>    Plaintiffs<br><br>vs.<br><br>OROS & BUSCH APPLICATION<br>TECHNOLOGIES, INC.<br>    Defendant<br>Serve at:<br>288 Howell Road<br>Defiance, Missouri 63341 | Case No. 3:14-CV-5080<br><br>Jury Trial Requested |

## COMPLAINT

## COUNT I- BREACH OF CONTRACT

1. Plaintiff RDX Technologies Corporation ("RDX") is a company organized under the laws of Canada.

2. Plaintiff Renewable Environmental Solutions, LLC, ("RES") is a limited liability company that was formed under the laws of the State of Delaware, and which is registered to do business in the state of Missouri.

3. Plaintiff RDX Technologies Corporation, through its wholly owned subsidiaries, is the sole owner of Renewable Environmental Solutions, L.L.C., and at all relevant times Plaintiff RDX was acting on behalf of Plaintiff RES and on behalf of RES.

4. Defendant Oros and Busch Application Technologies, Inc., is a corporation organized under the laws of the State of Missouri.

-1-

5. Plaintiff RES is in the business of developing and providing renewable energy sources, including the use of oil or grease from animal or vegetable sources contained in food waste to develop and manufacture diesel fuel.

6. Defendant purports to be in the business of transporting and delivering waste water that contains oil or grease from animal or vegetable sources contained in food waste.

7. Defendant also purports to provide waste water disposal and transportation services.

8. Plaintiff RES owns and operates a manufacturing plant where oil or grease from animal or vegetable sources contained in food waste is removed from waste water and processed in order to manufacture diesel fuel. The manufacturing plant is located in Carthage, Missouri (The Carthage Plant).

9. Beginning in or around September of 2013, representatives on behalf of Plaintiff RDX and Defendant began discussing the possibility of entering into a contract between Plaintiff RDX, on behalf of and for the benefit of Plaintiff RES, and Defendant under which Defendant would agree to provide to Plaintiff RES, at the Carthage Plant, waste water containing oil or grease from animal or vegetable sources contained in food waste and to transport from that plant waste water.

10. On or about November 13, 2013, Plaintiff RDX, acting on behalf of and for the benefit of Plaintiff RES, and Defendant entered into a contract under which Defendant agreed to supply to Plaintiff RES, at the Carthage Plant, waste water containing oil or grease from animal or vegetable sources contained in food waste and also agreed to transport waste water from the Carthage plant. The contract is denominated "Services And Supply Agreement" and a true and accurate copy of the contract is attached hereto as

Exhibit 1.

11. The contract entered into between Plaintiff RDX on behalf of RES and Defendant provides that Plaintiff RES will accept all of Defendant's Waste Water containing at least 5% by volume of Mineable Effluent, or as Plaintiff RES sees practical through inspection and sampling of Waste Water loads brought to Plaintiff by Defendant.

12. The contract defines "Mineable Effluent" as "oil or grease from animal or vegetable sources contained in food waste." (Exhibit 1, page 2).

13. Under the contract, Defendant agreed to provide to Plaintiff RES the delivery of Waste Water that contains Mineable Effluent and to haul away Processed Water from the Carthage Plant. (Exhibit 1, page 2).

14. The contract defines "Processed Water" as "Waste Water" that has been refined at the Carthage Plant such that Mineable Effluent has been removed. (Exhibit 1, page 2).

15. The contract contains a provision providing that Plaintiff RDX, on behalf of RES, shall have the exclusive right to all of Defendant's waste water containing mineable effluent. It provides that:

> Customer shall have the Exclusive Rights to all of the Vendor's Waste Water containing Mineable Effluent collected by Vendor, within a 500 Mile radius of the Customer Location with the exception of contracts that are already in place between Oros & Busch Application Technologies, Inc. and their other customers at the time this agreement is signed.

(Exhibit 1, page 3).

16. The contract entered into between Plaintiff RDX on behalf of RES and Defendant provides that Defendant will haul, on a daily basis, ten to twelve loads of processed water from the Carthage Plant.

-3-

17. The contract provides that Plaintiff RDX, on behalf of RES, shall pay to Defendant a one time service fee of $100,000.00. Plaintiffs did pay the $100,000.00 service fee to Defendant.

18. Pursuant to the terms of the contract, Plaintiff RDX, on behalf of RES, agreed to pay to Defendant a monthly service fee of $21,739.13 per month beginning December 1, 2013.

19. Plaintiffs paid the $21,739.13 service fee for December of 2013 and January of 2014.

20. The contract provides that the Waste Water provided by Defendant must contain at least 5% by volume of Mineable Effluent.

21. On several occasions in December 2013, Defendant failed to deliver to the Carthage Plant waste water containing at least 5% by volume of mineable effluent.

22. After entering into the contract, and before February of 2013, Defendant failed to deliver to the Carthage Plant all of Defendant's waste water containing mineable effluent which was collected by Defendant within a 500 mile radius of the Carthage Plant.

23. After entering into the contract, Defendant sold the waste water with mineable effluent to other customers without the permission of Plaintiff RDX or RES and without Plaintiff RDX or RES waiving Plaintiffs' exclusive right to such waste water containing mineable effluent.

24. Almost immediately after entering into the contract, Defendant failed to transport processed waste water from the Carthage Plant, as Defendant was required to do under the contract.

25. Defendant breached the contract and as a result of that breach Plaintiff RES

was damaged and continues to be damaged.

26. As a result of Defendant's breach, Plaintiff RES was forced on multiple occasions to close the Carthage Plant which resulted in lost sales and lost profits.

27. The contract provides that the laws of the State of Missouri and the Federal Laws of The United States of America shall govern the contract. (Exhibit 1, page 5).

28. Due to Defendant's breach of the contract, Plaintiff RES was forced to purchase materials and supplies from other entities and engage with other entities to have waste water removed from the Carthage Plant in order to meet obligations to customers. These materials and supplies were purchased and the removal services were paid for at a higher rate than otherwise would have been required had Defendant not breached its contractual agreements.

29. The contract entered into between Plaintiff RDX on behalf of RES and Defendant provides that in the event that Plaintiff RDX has to file a court proceeding to enforce the terms of the agreement, then Plaintiffs are entitled to recover attorneys fees in connection with that proceeding.

30. Plaintiffs have been forced to place this matter in the hands of an attorney for damages due to breach of the Services and Supply Agreement and suit has now been filed. Therefore, Plaintiffs have incurred and will continue to incur attorneys fees and court costs and expenses in the prosecution of this matter.

WHEREFORE, RDX Technologies Corporation and Renewable Environmental Solutions, LLC, pray for judgment against Oros and Busch Application Technologies, Inc., in the amount of $2,000,000.00, for their costs herein incurred and expended, for attorneys fees, and for such other and further relief as the court deems just under the circumstances.

## COUNT II-NEGLIGENT MISREPRESENTATION

31.  Plaintiffs restate and incorporate herein by reference paragraphs one through thirty of Plaintiffs' complaint as if the same were set forth in *haec verba*.

32.  Prior to the contract being entered into, Defendant represented to Plaintiffs that if Plaintiff RDX entered into the contract on behalf of RES, then Defendant would supply to the Carthage Plant at least fifteen truck loads of waste water containing mineable effluent per week.

33.  Prior to entering into the contract, Defendant represented to Plaintiffs that if Plaintiff RDX entered into the contract, Defendant would have a dedicated truck to pick up waste water from the Carthage plant and haul it away.

34.  In entering into the contract with Defendant, Plaintiffs relied upon the representations made by Defendant.

35.  The above mentioned representations were made by Defendant in the course of Defendant's business.

36.  Defendant, through its agents and employees, failed to use reasonable care in making the above stated representations to Plaintiffs.

37.  Defendant knew or should have known that Plaintiffs would rely on the above stated representations made by Defendant.

38.  The above stated representations made by Defendant were false.

39.  Since entering into the contract with Defendant, Defendant has not provided at least fifteen loads of waste water containing effluent material per week to the Carthage Plant.

40.  Since entering into the contract with Defendant, Defendant has, on multiple

occasions, refused to haul away the waste water from the Carthage Plant.

41. After entering into the contract, Defendant did not designate a specific truck to haul waste water from the Carthage Plant.

42. Because of Plaintiffs' reliance on the representation made by Defendant, Plaintiff RES has been damaged and that damage occurred at the Carthage Plant in Jasper County, Missouri.

WHEREFORE, RDX Technologies Corporation and Renewable Environmental Solutions, LLC pray for judgment against Defendant in such sum as is fair and reasonable, interest at the legal rate from the date of judgment, for their costs herein incurred and expended and for such other and further relief as the court deems just under the circumstances.

## **COUNT III-FRAUD**

43. Plaintiffs restate and incorporate herein by reference paragraphs one through forty-two of Plaintiffs' complaint as if the same were set forth in haec verba.

44. The previously described representations made by Defendant were material.

45. Defendant, by and through its agents and employees, either knew of the falsity of the representations or were ignorant as to the truth of the representations at the time they were made.

46. Defendant intended that Plaintiffs rely on the representations.

47. Plaintiffs did not know of the falsity of the representations made by Defendant.

48. Plaintiffs had the right to rely on and did in fact rely on the truth of the representations made by Defendant.

49. As a result of the representations made by Defendant and relied upon by Plaintiffs, Plaintiff RES has been injured.

WHEREFORE, RDX Technologies Corporation and Renewable Environmental Solutions, LLC, pray for a judgment against Defendant in such sum as is fair and reasonable, for interest at the legal rate from the date of judgment, for its costs herein incurred and expended and for such other and further relief as the court deems just under the circumstances.

## COUNT IV.  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

50. Plaintiffs restate and incorporate herein by reference paragraphs one through forty-nine of Plaintiffs' complaint as if the same were set forth in *haec verba.*

51. The contract provides the following:

> Customer and Vendor agree that certain Mineable Effluent collected by Vendor may not be delivered to Renewable Environmental Solutions, LLC at 530 N. Main Street, Carthage, Missouri, 64836 if, at Vendor's sole discretion logistics and oil content are such that it is not cost effective to do so.

52. The contract contains a clause regarding the removal of waste water from Plaintiff RES' plant which states that Defendant may also require reduced load pickup during times of inclement weather as storage space is limited." (Exhibit 1, page 3).

53. Defendant had a duty of good faith and fair dealing in performing its obligations under the contract and had a duty to cooperate with Plaintiffs in order to enable performance of the expected benefits of the contract.

54. Defendant breached its duty of good faith and fair dealing and its duty to cooperate with Plaintiffs in order to enable performance of the expected benefits of the contract as it exercised the above referenced clauses in bad faith.

55. Defendant exercised the judgment conferred by the expressed terms of the agreement in such a manner so as to evade the spirit of the transaction or to deny Plaintiffs the expected benefit of the contract.

56. As a result of Defendant's breach of Defendant's duty of good faith and fair dealing and duty to cooperate, Plaintiff RES was damaged and continues to be damaged.

WHEREFORE, RDX Technologies Corporation and Renewable Environmental Solutions, LLC pray for judgment against Defendant in the amount of $2,000,000.00, for interest at the legal rate from the date of judgment, for their costs herein incurred and expended and for such other and further relief as the court deems just under the circumstances.

**TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS, LLP**

By  /s/ Lance Roskens
Lance A. Roskens
Missouri Bar No. 59408
lroskens@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431
**COUNSEL FOR PLAINTIFFS**