IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RDX TECHNOLOGIES CORPORATION and RENEWABLE ENVIRONMENTAL SOLUTIONS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 3:14-cv-05080-MDH |
| OROS & BUSCH APPLICATION TECHNOLOGIES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 5). The Court, after full and careful consideration of the issues raised by the motion and the legal arguments provided by the parties, hereby **GRANTS** the Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff RDX Technologies Corporation ("RDX") is a Canadian company with its headquarters located in Arizona. RDX is the sole owner of Plaintiff Renewable Environmental Solutions, LLC ("RES"), a limited liability company incorporated in Delaware and registered to conduct business in Missouri. Defendant is a corporation organized under the laws of the State of Missouri. The instant action was commenced in federal court on June 12, 2014 on the basis of diversity jurisdiction. Plaintiffs assert claims for breach of contract, negligent misrepresentation, fraud, and breach of the covenant of good faith and fair dealing.

The allegations within the complaint surround a contractual relationship between the parties pursuant to which the Defendant agreed to supply waste water and waste water transportation services to RES facilities in Carthage, Missouri in exchange for compensation

1

from RDX. The written contract ("Services and Supply Agreement") was negotiated and executed by RDX and Defendant on or around November 2013. Shortly thereafter, each party allegedly breached the terms of the agreement. Defendant sent written notice and demand to RDX in May of 2014, to which RDX responded. Defendant sent additional correspondence in June 2014, threatening to sue. Subsequently, Defendant filed suit against RDX in the circuit court of St. Charles County, Missouri on June 11, 2014 and Plaintiffs filed suit in this federal district court on June 12, 2014. Defendant filed a motion to dismiss the federal case on July 14, 2014, arguing the Court lacks jurisdiction and/or should refrain from hearing Plaintiffs' claims under the abstention doctrine.

In its motion, Defendant argues that the Court lacks jurisdiction to hear Plaintiffs' claims because of a forum selection clause within the parties' contract. The contract states:

> **Applicable Law**: This Agreement shall be governed and construed according to the laws of the state of Missouri and the federal laws of the United States of America applicable therein. The parties irrevocably agree and submit to the exclusive jurisdiction of the courts of the state of Missouri in respect of all matters arising out of this Agreement.[1]

Defendant argues that this provision unambiguously selects Missouri state courts as the exclusive forum in which to bring disputes under the contract. Plaintiffs counter that the contract does not include an enforceable forum selection clause and, if it does, the phrase "courts of the state of Missouri" includes federal courts sitting within the state of Missouri.

## STANDARD

"[F]ederal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause." *Stewart Org., Inc. v. Ricoh Corp.*,

---

[1] Services & Supply Agreement 5:23-26, Nov. 2013. Another provision entitled "General" further provides: "This Agreement shall be subject to and governed in accordance with the laws of the state of Missouri and any applicable laws of the United States of America, and the parties agree to the exclusive jurisdiction and Courts of the state of Missouri." *Id.* at 6:25-27.

487 U.S. 22, 32 (1988). Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). The Supreme Court advised that "[i]n all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain. *Id.* at 583.

A forum selection clause that directs parties to a state or foreign forum, rather than another federal forum, is enforced through the doctrine of forum non conveniens rather than section 1404(a) transfer. *Id.* at 580. "Unlike a § 1404(a) motion, a successful motion under *forum non conveniens* requires dismissal of the case." *Id.* at 583, n.8. While the disposition of a case under forum non conveniens is "harsher" than it is under section 1404(a), the Supreme Court directed district courts to "evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 577-80. In making such evaluations, district courts typically consider both pleadings and affidavits submitted by the parties. *See, e.g., Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014); *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 532 (W.D. Mo. 1987). A forum non conveniens determination is committed "to the sound discretion of the trial court" and can be reversed only where there has been "a clear abuse of discretion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

## ANALYSIS

Defendant argues that the Court should dismiss the instant action because Plaintiffs filed suit in an improper forum under the parties' agreed upon forum selection clause. Defendant states the issue in terms of jurisdiction; however, the Court approaches it as a matter of venue and forum non conveniens, as the Supreme Court recently suggested in *Atlantic Marine Construction Co. v. U.S. District Court for Western District of Texas*.[2] While the Court believes Defendant's arguments can be substantively construed as moving the Court to dismiss on the basis of improper venue,[3] the Court also notes that district courts have the power to raise the issue of forum non conveniens sua sponte. *See, e.g., Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009); *Seagal v. Vorderwuhlbecke*, 162 Fed. Appx. 746, 748 (9th Cir. 2006).

As a preliminary matter, the Court recognizes that RES is not a direct party to the contract at issue and questions remain concerning whether RES can enforce any claims against Defendant. "Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract." *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. 2007). Nonetheless, assuming arguendo that RES can state a claim against Defendant under the contract, RES is bound by a valid forum selection clause within the contract. Principles are liable on the authorized contracts entered into by their agents.[4] Third party beneficiaries "must accept the contract as it was made by the parties thereto" and the beneficiary

---

[2] *See generally Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (comparing jurisdiction and forum non conveniens).

[3] The only argument Plaintiffs presented in this regard stated, "In its motion to dismiss and suggestions in support, defendant does not state what rule or statute it is relying upon for its dismissal." Pl. Sugg. Opp. Dismiss, 6. Plaintiffs went on to say that *Atlantic Marine* "recently addressed this issue" which was "what the proper procedure was for a party seeking to enforce a forum selection clause." *Id.* Thus, Plaintiffs were aware of the substantive issue of Defendant's motion. Unfortunately, Plaintiffs then went on to argue that "defendant has not requested relief that this court can grant," because "Defendant's motion is not a motion to transfer on the basis for forum non conveniens." *Id.* This clearly misstates the law, as discussed supra; dismissal is the only appropriate remedy for a successful forum non conveniens motion.

[4] *See, e.g., Gen. Elect. Capital Corp. v. Rauch*, 970 S.W.2d 348, 356 (Mo. Ct. App. 1998) (holding principles are liable for contracts entered into by agents).

"is in no better position than, and [has rights] no greater than those of, the contracting party through whom he claims."[5] As to other contractual third parties, the contract at issue states that its terms are binding on all "heirs, executors, administrators, successors and assigns."[6] Thus, regardless of how RES can assert a claim, if it can validly do so, it will be subject to the forum selection clause the same as RDX.

## Contract Contains Unambiguous Forum Selection Clause

The first issue before the Court is whether a valid forum selection clause exists within the parties' contract. "Before conducting a forum non conveniens analysis based on a forum-selection clause, the Court must first determine whether the [contract] contains a valid forum-selection clause unambiguously requiring the parties to bring suit in another forum." *Kanza Const., Inc. v. Kansas City S. Ry. Co.*, No. 13-CV-0489-W-DGK, 2014 WL 1356676 (W.D. Mo. Apr. 7, 2014); *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 692 (8th Cir. 1997). A valid forum-selection clause exists when "(1) it is part of a valid and enforceable contract and (2) is unambiguously mandatory." *Kanza*, 2014 WL 1356676 at *2.

The contract between RDX and Defendant states that the parties "irrevocably agree and submit to the exclusive jurisdiction of the courts of the state of Missouri in respect of all matters arising out of this Agreement." Courts reviewing similar provisions hold that such language is sufficient to create a forum selection clause, even though the clause does not mention the words "venue" or "forum."[7] Where a forum selection clause specifies only jurisdiction but the

---

[5] *Rotermund v. U.S. Steel Corp.*, 474 F.2d 1139, 1142 (8th Cir. 1973) (stating this is the "general rule"). *See also L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d 247, 260 (Mo. 2002) ("Third party beneficiary rights depend on, and are measured by, the terms of the contract between the promisor and the promisee."); *In re Master Mortgage Inv. Fund, Inc.*, 165 B.R. 453, 455 (Bankr. W.D. Mo. 1993) ("[T]hird party beneficiaries are bound by the contract terms and subject to the same defenses as the promisor could assert if the promisee were suing on the contract.").
[6] Services & Supply Agreement 5:24-25, Nov. 2013.
[7] *See, e.g., High Plains Const., Inc. v. Gay*, 831 F. Supp. 2d 1089, 1094 (S.D. Iowa 2011) ( "Any dispute arising under or in connection with this agreement or related to any matter which is the subject of this agreement shall be

5

Case 3:14-cv-05080-MDH   Document 12   Filed 09/08/14   Page 5 of 12

language indicates intent to make venue exclusive, courts generally enforce such clauses. *See generally K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 499 (10th Cir. 2002) (citing cases from the second, fifth, seventh, and ninth circuits). Here, it is clear that venue in "the courts of the state of Missouri" is mandatory and not merely permissive because the forum selection clause contains the word "exclusive." *Cf. Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003). Thus, a valid forum selection clause exists within the parties' contract.

Plaintiffs first argue that, even if a forum selection clause exists, it is unenforceable because the clause is ambiguous. According to Plaintiffs, the term "courts of the state of Missouri" is ambiguous and could reasonably encompass federal courts located within the state of Missouri, especially because the "s" in state is not capitalized and "courts" is plural. Unfortunately for Plaintiffs, this argument has proven unsuccessful time and time again. As the Fourth Circuit explained, there exists a:

> widely-accepted rule that forum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state. *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010).

This "widely-accepted" rule has been employed by not only the great majority of circuit courts of appeal who have addressed similar provisions,[8] but also by district courts within the

---

subject to the exclusive jurisdiction of the state and/or federal courts located in Massachusetts."); *Martinez v. Bloomberg LP*, 740 F.3d 211, 215 (2d Cir. 2014) (agreement "shall be interpreted and construed in accordance with English law and any dispute arising hereunder shall be subject to the exclusive jurisdiction of the English courts."); *Wong v. PartyGaming Ltd.*, 589 F.3d 821 (6th Cir. 2009) ("agreement shall be governed by the laws of Gibraltar and any disputes shall be subject to the exclusive jurisdiction of the courts of Gibraltar").

[8] *See also New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 549-50 (3d Cir. 2011); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081-82 (9th Cir. 2009); *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921 (10th Cir. 2005); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 6 (1st Cir.1984).

Eighth Circuit. For example, in *Portfolio Mgmt. Grp., LLC v. Bitach Fund I, LLC*, the forum selection clause at issue provided that "the Courts of Minnesota" were the "sole jurisdiction for litigation of any controversies arising out of" those agreements. No. 09-CV-3193 (PJS/AJB), 2010 WL 727993 (D. Minn. Mar. 2, 2010). The district court's analysis first noted that the federal court where plaintiff initiated suit sits *in* Minnesota but is not a court *of* Minnesota. *Id.* at *1. In determining that the forum selection clause was unambiguous, it "agree[d] with the majority of federal courts that the phrase 'courts of' a particular state unambiguously refers only to that state's courts, not to federal courts sitting within the boundaries of that state." *Id.* The court further noted that state courts and federal courts are separate jurisdictions; thus, "[t]o confer jurisdiction on both federal courts and state courts . . . the forum-selection clause would have to refer to multiple jurisdictions (plural), not to a "sole" jurisdiction (singular)."

Here, the forum selection clause uses the term "*courts of* the state of Missouri" and therefore unambiguously limits jurisdiction over the parties' dispute to Missouri. If the parties intended to include federal courts sitting in Missouri, then they would have specified "courts *in the state* of Missouri," or an otherwise unambiguous phrase such as "state and federal courts within the state of Missouri." Moreover, similar to the clause at issue in *Portfolio Mgmt. Group*, the forum selection clause at issue here submits the parties to the "the exclusive jurisdiction [singular] of the courts of the state of Missouri." Had the parties intended to include federal forums, more than one jurisdiction would be at issue and the parties would have used the term "jurisdictions." In sum, under clear case law, the forum selection clause within the parties' agreement is unambiguous.

Plaintiffs next argue that the forum selection clause is unenforceable because the underlying contract is invalid. Plaintiffs claim enforcement of the forum selection clause would

7

be unreasonable under the circumstances because Defendant "made negligent and fraudulent misrepresentations prior to any contract being entered into," as outlined in the complaint. The law states that a party resisting enforcement of a forum selection clause "bears a heavy burden in convincing the Court that it should not be held to its bargain." *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 530 (W.D. Mo. 1987). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. They are enforceable unless they would actually deprive the opposing party of his fair day in court." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (internal citations omitted).

A cursory inspection of Plaintiffs' complaint shows that Plaintiffs' negligent misrepresentation and fraud claims surround an alleged promise by Defendant to provide a dedicated truck for the transport of the Carthage facility's waste water. The complaint does not allege that the forum selection clause itself was the product of fraud. *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (holding a forum selection clause is only unenforceable where "the *inclusion of that clause in the contract* was the product of fraud or coercion"). Furthermore, uncontroverted evidence indicates that RDX drafted the contract and Defendant had the opportunity to make changes. The "failure of [a party's] negotiators to read carefully the contents of [contracts] before they were executed does not void the forum selection clause." *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 531 (W.D. Mo. 1987). As the party bearing the "heavy" burden to convince the Court not to enforce the forum selection clause, Plaintiffs presented no evidence that enforcing the forum selection clause would effectively deny the companies their day in

court. The circumstances show that the plaintiff companies are still able to effectively bring their claims as counterclaims and third party claims in the currently pending state court suit.

In sum, Plaintiffs and Defendant agreed to a valid forum selection clause within their contract. The clause selects Missouri state courts as the exclusive jurisdiction (and venue) to hear all disputes arising out of the contract. The forum selection clause was freely entered into and is unambiguous. Having established the existence of a valid forum selection clause, the Court now turns to its forum non conveniens analysis to determine whether to dismissal of the current case is proper.

## Forum Non Conveniens Analysis Requires Dismissal

"[F]ederal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). The Supreme Court recently advised that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013). "Courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* Proper application of § 1404(a) requires a forum-selection clause to be "given controlling weight in all but the most exceptional cases" because "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Stewart*, 487 U.S. at 33.

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co.*, 134 S. Ct. at 581.

9

However, when a forum selection clause is involved, the district court's analysis changes in three respects: (1) the court gives no weight to plaintiff's choice of forum but instead places the burden on the plaintiff to show why the court should not transfer the case to the forum selected by the parties; (2) the court considers private-interest factors to weigh entirely in favor of the preselected forum; and (3) if transfer is appropriate, the transferee court need not take the transferor court's choice of law rules. *Id.* at 581-83. In short, the party acting in violation of the forum-selection clause must show that "public-interest factors overwhelmingly disfavor" a transfer; because public-interest factors rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in "unusual cases." *Id.* at 582.

This case presents no such unusual circumstances. Here, Missouri state courts provide an available forum for the parties to litigate their dispute. That forum was chosen by the parties in their bargained-for forum selection clause. Plaintiffs failed to present any public-interest factors that show why the Court should not hold the parties to their agreement and dismiss the case under forum non conveniens, let alone sufficient factors to "overwhelmingly disfavor" dismissal.

The one potential public-interest factor addressed in Plaintiffs' brief is argued under the topic of abstention and relates to the "desirability of avoiding piecemeal litigation." Plaintiffs note that the state claims (brought by Defendant) involve only RDX and not RES; therefore, "[t]here is no separate litigation regarding RES and if this court were to dismiss, then RES could have to file separate litigation in Jasper County, Missouri, as that is where the alleged injury occurred." Pl. Sugg. Opp. Dismiss, 16. However, as Defendant points out, RES is not a party to the contract. Even if RDX acted on behalf of RES when it entered into the contract, no evidence indicates that RDX cannot adequately protect the interests of RES in the St. Charles County lawsuit, especially where RDX is the sole owner of RES. Moreover, even assuming RES does have a separate and colorable claim against

10

Defendant, nothing prevents RES from intervening in the pending suit and asserting its claims, *see* Mo. R. Civ. P. 55.32(g), 52.04, 52.05.

Furthermore, the Court finds no public-interest factors that favor retaining the case.[9] Because suit is already filed in Missouri state court, and the case is in its infancy, administrative difficulties will not flow from dismissal. The factor related to "local interest in having localized controversies decided at home" favors neither retention nor dismissal because the state courts in this case occupy basically the same territorial jurisdiction as this federal court. The state court where suit is currently filed has a localized interest in protecting its contracting resident business owners, like Defendant. Missouri state courts may also have a greater interest in adjudicating traditionally state-based actions, like breach of contract, where Missouri law is to be applied; however, as a federal court sitting in Missouri, this Court regularly applies Missouri substantive law. As is apparent, public-interest factors in this case clearly do not outweigh the strong presumption of enforcing the valid forum selection clause. Accordingly, dismissal on the basis of forum non conveniens is proper.

## DECISION

The parties executed a valid forum selection clause selecting Missouri state courts as the exclusive forum in which to bring their disputes of all matters arising from the contract. The present claims surround the parties' contract. Plaintiffs failed to present sufficient public-interest factors that disfavor enforcement of the parties' bargained for forum selection clause.

---

[9] Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260, n.6 (1981).

11

Accordingly, under the doctrine of forum non conveniens, the Defendant's Motion to Dismiss is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**.[10]

**IT IS SO ORDERED.**

Dated: September 8, 2014

                                              _/s/ Douglas Harpool_
                                              DOUGLAS HARPOOL
                                              UNITED STATES DISTRICT JUDGE

---

[10] Because the Court finds for Defendant on the basis of forum non conveniens, it is unnecessary to analyze the parties' abstention doctrine arguments.